# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **ROCCO A. MARCHETTA,** | Civ. No. 2:12-cv-02696 (WJM) |
| **Plaintiff,** | |
| **v.** | **OPINION** |
| **CITY OF BAYONNE STATE OF NEW JERSEY,** *et al.*, | |
| **Defendants.** | |

**WILLIAM J. MARTINI, U.S.D.J.:**

*Pro se* Plaintiff Rocco A. Marchetta brings this action against the City of Bayonne (the "City") and one of the City's property code enforcement officers, Gary Parlatti (improperly plead as Gary Parlotti) (collectively "Defendants"), alleging that Defendants violated a litany of his constitutional rights.[1]  This matter comes before the Court on Plaintiff's motion seeking default and default judgment[2] under Federal Rule of Civil Procedure 55 (ECF No. 38) as to Plaintiff's motion for a temporary restraining order and preliminary injunction under Federal Rule of Civil Procedure 65 (ECF No. 28).  There was no oral argument.  Fed. R. Civ. P. 78(b).  For the reasons set forth below, Plaintiff's motions are **DENIED**.

## I.      BACKGROUND

Plaintiff owns two properties in Bayonne, New Jersey.  Affidavit of Code Enforcement Officer Gary Parlatti ("Parlatti Affidavit") ¶ 5, ECF No. 40-1.  Plaintiff received a series of citations from the City for failing to maintain his properties in accordance with city ordinances.  Parlatti Affidavit ¶ 17. As a result of these citations, the State of New Jersey filed an action against Plaintiff in Bayonne Municipal Court. Subsequently, on May 4, 2012, Plaintiff filed the current action in this Court against Defendants, alleging that Defendants violated a litany of his constitutional rights in

---

[1] Plaintiff has added two additional Defendants in the captions of his recent filings.  However, neither of those individuals have been properly served or joined.

[2] Plaintiff's motion is entitled "Motion Dispositive Dismiss with Prjudice [sic] Enter Default; and Default Judgment."  As it seems unlikely that Plaintiff wishes to dismiss his own Complaint with prejudice, the Court will construe this motion as seeking default and default judgment against Defendants.

connection with the citations.  Compl. ¶ 1, ECF No. 1.  Along with the Complaint, Plaintiff filed a motion seeking a preliminary injunction enjoining the Municipal Court proceedings.  This Court denied that motion under the Anti-Injunction Act, 28 U.S.C. § 2283.  ECF No. 9.

Plaintiff has repeatedly refused to appear before the Bayonne Municipal Court for his numerous property citations.  Parlatti Affidavit ¶¶ 19-20.  Plaintiff was eventually arrested on May 14, 2013 by the Bayonne Police Department pursuant to a bench warrant issued for his failure to appear at a November 20, 2012 hearing.  *Id.* ¶ 20.  The Municipal Court set bail at $7,500 with a 10% cash option.  *Id.*  Plaintiff posted bail that same day.  *Id.*  The Municipal Court eventually set a final trial date for May 28, 2013.  *Id.*  Plaintiff appeared, but refused to proceed to trial even after the Municipal Court warned Plaintiff that the State would proceed in his absence.  *Id.*  The Municipal Court then adjourned the matter until June 17, 2013, to permit the Plaintiff another opportunity to appear and defend against the charges.  *Id.*  Plaintiff again failed to appear on June 17, 2013.  *Id.*  The Municipal Court adjourned the matter a final time for the benefit of the Plaintiff, and set a firm trial date of July 11, 2013.  *Id.*  Once again, Plaintiff failed to appear.  *Id.*  Municipal Court Judge Cheryl Cashman tried the case in Plaintiff's absence, finding Plaintiff guilty of each property violation.  *Id.*

Plaintiff has repeatedly filed motions requesting that this Court enjoin the Municipal Court proceedings against him, ignoring this Court's previous orders stating that it cannot to provide that relief.  *See* ECF No. 19, 33, 36.  The motion for a temporary restraining order and preliminary injunction currently before the Court once again seeks to enjoin further Municipal Court proceedings, and also seeks to enjoin the City from arresting him in the future.  The Court deemed the motion non-emergent and set a briefing schedule.  ECF No. 29.  Defendants failed to file an opposition, prompting Plaintiff to file the instant motion for default and default judgment.   ECF No. 38.  Defendants did file an opposition to the motion for default and default judgment.  ECF No. 40.

## II.    DISCUSSION

Plaintiff's filings are procedurally and substantively confusing, and at times incomprehensible.  The following represents the Court's best efforts at understanding his claims and requests.  First, the motion for a temporary restraining order and a preliminary injunction requests that this Court order the Municipal Court "to dismiss" the City's case against him and return his bail.  ECF No. 28.  Second, Plaintiff argues that he was falsely arrested for failing to appear at the Municipal Court, because he was not read his Miranda rights, and requests that the Court enjoin Bayonne police officers from arresting him in the future.  ECF No. 38.

"Before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default."  *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*,

250 F.R.D. 171, 177 (D.N.J. 2008) (quoting *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)) ("[W]e have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment"). "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." *Id.* at 177.

Here, the Court finds that Defendants have a meritorious defense against Plaintiff's motion seeking a temporary restraining order and a preliminary injunction, because Plaintiff has not made the requisite showing for that relief. Injunctive relief is an extraordinary remedy that should only be granted in limited circumstances. *AT&T v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994). A party seeking a preliminary injunction must show: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)). "[A] showing of irreparable harm is insufficient if the harm will occur only in the indefinite future." Rather, the moving party must make a clear showing of immediate irreparable harm." *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992) (internal quotations omitted).

First, the Court reiterates that, under the Anti-Injunction Act, it does not have the power to enjoin the Municipal Court proceedings. 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."). Further, general principles of federalism preclude federal courts from directly interfering with state court conduct. *Barry v. Brower*, 864 F.2d 294, 300 (3d Cir. 1988). Finally, it appears from the pleadings that all Municipal Court proceedings against Plaintiff have ended. If that is indeed the case, then Plaintiff's request to enjoin the Municipal Court proceedings is moot.

Second, Plaintiff is not entitled to an order enjoining Defendants from arresting him in the future for failing to appear in Municipal Court. Plaintiff has not shown immediate irreparable harm. His assertion that he might be arrested "at whim for any fabricated reason" is highly speculative, and is not sufficient to justify injunctive relief. *See Shuster v. Nassau Cnty.*, 948 F. Supp. 282, 284 (S.D.N.Y. 1996). Further, Plaintiff has failed to demonstrate that he is likely to succeed on his claim for false arrest. New Jersey Court Rule 7:8-9, which governs municipal court proceedings, states that "[i]f a defendant in any non-parking case before the court fails to appear or answer a complaint, the court may . . . issue a warrant for the defendant's arrest." Plaintiff failed to appear before the Municipal Court on November 20, 2012. Parlatti Affidavit ¶ 20. And Plaintiff does not argue otherwise. Further, Plaintiff has provided, and the Court has uncovered, no precedent showing that the alleged Miranda violation would create a claim for false arrest. Finally, although Plaintiff's failure to demonstrate irreparable harm or a likelihood of success is enough to preclude injunctive relief, the Court notes that the

public interest weighs against preventing the Municipal Court from enforcing its rules regarding appearance.  *See Campbell Soup*, 977 F.2d at 90-91("In order to support a preliminary injunction, plaintiff must show both a likelihood of success on the merits and a probability of irreparable harm.").  Defendants thus have a meritorious defense to Plaintiff's motion seeking injunctive relief.

Regarding the other factors relevant to a motion for default judgment, the Court recognizes that Defendants have some culpability for failing to respond to Plaintiff's motion.  However, Defendants did file a response to the motion for default and default judgment, and have filed an answer in this case.  The Court also acknowledges the truth in Defendants' complaints, stated in its opposition papers, that "Plaintiff's motions are duplicative, illogical, confusing, not understandable, vague and conclusory in nature" and that sorting out Plaintiff's arguments is a "daunting task" that requires "spending hours of taxpayer money."  Defs.' Resp. to Pl's Mot. for Default J. 1, ECF No. 40.  However, simply ignoring this case will not make it go away.  Finally, Plaintiff has not made any showing of prejudice resulting from Defendants' failure to respond.  Accordingly, the Court will deny Plaintiff's motion for default and default judgment.  Moreover, because Plaintiff has failed to show either irreparable harm or a likelihood of success on the merits, his motion for a preliminary injunction and temporary restraints will also be denied.

## III.   CONCLUSION

For the reasons stated above, Plaintiff's motion for default and default judgment is **DENIED**.  Plaintiff's motion seeking a preliminary injunction and temporary restraints is also **DENIED**.  An appropriate order follows.


   /s/ William J. Martini
   **WILLIAM J. MARTINI, U.S.D.J.**


**Date: May 30, 2014**

4