UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROCCO A. MARCHETTA,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**CITY OF BAYONNE**<br>**STATE OF NEW JERSEY**, *et al.*,<br><br>    **Defendants.** | Civ. No. 2:12-cv-2696 (WJM)<br><br>**OPINION** |

<u>**WILLIAM J. MARTINI, U.S.D.J.:**</u>

*Pro se* Plaintiff Rocco A. Marchetta brings this action against the City of Bayonne (the "City") and one of the City's property code enforcement officers, Gary Parlatti (improperly plead as Gary Parlotti) (collectively "Defendants"), alleging that certain of the City's property maintenance ordinances are over broad and vague and that Defendants violated his constitutional rights.[1] This matter comes before the Court on Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which the Court will construe as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).[2] There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion is **GRANTED**.

**I.   BACKGROUND**

Plaintiff owns two properties in Bayonne, New Jersey. Affidavit of Code Enforcement Officer Gary Parlatti ("Parlatti Affidavit") ¶ 5, ECF No. 40-1. Plaintiff received a series of citations from the City for failing to maintain his

---

[1] Plaintiff has added two additional Defendants in the captions of his recent filings. However, neither of those individuals have been properly served or joined.

[2] The Court will exercise its discretion to treat the untimely post-answer motion to dismiss under Rule 12(b)(6) as a Rule 12(c) motion for judgment on the pleadings. *Scheetz v. Morning Call, Inc.*, 130 F.R.D. 34, 36 (E.D.Pa.1990). The Court will evaluate Defendants' motion using the same standards for dismissal that apply under Rule 12(b)(6). *Turbe v. Government of Virgin Islands*, 938 F.2d 427, 428 (3d Cir.1991); *Scheetz*, 130 F.R.D. at 36.

properties in accordance with the City's property maintenance ordinances. *Id.* ¶ 17. As a result of these citations, an action was filed against Plaintiff in Bayonne Municipal Court. Subsequently, on May 4, 2012, Plaintiff filed the current action in this Court against Defendants. Compl., ECF No. 1.

Plaintiff has repeatedly refused to appear before the Municipal Court for his numerous property citations. Parlatti Affidavit ¶¶ 19-20. Plaintiff was eventually arrested on May 14, 2013 by the Bayonne Police Department pursuant to a bench warrant issued for his failure to appear at a November 20, 2012 hearing. *Id.* ¶ 20. The Municipal Court set bail, and Plaintiff posted bail that same day. *Id.* The Municipal Court eventually set a final trial date for May 28, 2013. *Id.* Plaintiff appeared, but refused to proceed to trial even after the Municipal Court warned Plaintiff that the State would proceed in his absence. *Id.* The Municipal Court then adjourned the matter until June 17, 2013, to permit the Plaintiff another opportunity to appear and defend against the charges. *Id.* Plaintiff again failed to appear on June 17, 2013. *Id.* The Municipal Court adjourned the matter a final time for the benefit of the Plaintiff, and set a firm trial date of July 11, 2013. *Id.* Once again, Plaintiff failed to appear. *Id.* Municipal Court Judge Cheryl Cashman tried the case in Plaintiff's absence, finding Plaintiff guilty of each property violation. *Id.*

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). Moreover, where the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id*.

### III. DISCUSSION

Plaintiff alleges that the City's property maintenance ordinances are over broad and vague. It also alleges that the City and Officer Parlatti violated a litany of Plaintiff's constitutional rights in connection with the citations. The Court finds that Plaintiff fails to state a claim and will dismiss the Complaint.

#### A. The Complaint does not adequately allege that the City's property maintenance ordinances are over broad or void for vagueness.

Plaintiff's claims that the City's property maintenance ordinances are over broad and vague fail to meet the pleading standard under Rule 8(a)(2), even considering Plaintiff's *pro se* status. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). The Complaint vaguely states that "the law is unconstitutionally vague against Plaintiff" and that the "ordinances, laws, statutes, or citations in question" are "overbroad . . . as written." Compl. 4-5. And attached to the Complaint is what appears to be a list of property maintenance ordinances under which Plaintiff has received citations. Pl.'s Cert., ECF No. 1-3. Nowhere does Plaintiff explain how any of the listed ordinances are either over broad or void for vagueness. Rather, the list merely contains Plaintiff's explanations for why he believes he is not in violation of each ordinance. *See, e.g.*, Pl.'s Cert. ¶ 3 ("The vacant land was and is in clean[,] safe[,] and sanitary condition . . . ."). The Court will thus dismiss these claims.

#### B. The Complaint fails to allege a claim under Section 1983 against either Defendant.

The Complaint also alleges that Defendants violated a litany of Plaintiff's constitutional rights. While the Complaint does not cite Section 1983, the Court will construe Plaintiff's claims as seeking recovery under that statute.

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Section 1983 does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws. *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995).

To establish a Section 1983 claim, a plaintiff must (1) "demonstrate a violation of a right secured by the Constitution and the laws of the United States," and (2) "show that the alleged deprivation was committed by a person acting under color of state law." *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993). Additionally, to state a Section 1983 claim against a municipality, a plaintiff must demonstrate that the municipality, through the implementation of a formal policy or a custom, caused the plaintiff's underlying constitutional violation. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 694-95 (1978).

Plaintiff fails to allege any facts from which the Court could infer a violation of his constitutional rights, let alone that the City's policies or customs have caused a constitutional violation. The Complaint thus fails to state a Section 1983 claim. Accordingly, the Court will dismiss the Complaint.

Additionally, given the facts of this case as described in the Complaint and Plaintiff's numerous other filings, the Court finds that amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that leave to amend may be denied where the amendment would be futile). There is nothing indicating that any of the property maintenance ordinances at issue – which are based on the

International Property Maintenance Code – are either over broad or void for vagueness. *See* Parlatti Affidavit ¶ 17; *Smiley v. Calumet City, Ill.*, No. 08 C 3017, 2009 WL 1381034, at *15 (N.D. Ill. May 15, 2009). And nothing in the record comes close to suggesting that Defendants violated Plaintiff's constitutional rights.

Further, this case is, at its essence, about Plaintiff's attempts to circumvent the City's enforcement of its property maintenance ordinances against him. *See e.g.*, ECF Nos. 5, 19, 33, 36. As the Court has repeatedly explained, it cannot intervene in the Municipal Court proceedings. *See Marchetta v. City of Bayonne*, No. 12-02696, 2014 WL 2435820, at *2 (D.N.J. May 30, 2014). Moreover, it appears from the pleadings that all Municipal Court proceedings against Plaintiff have ended. Accordingly, any request that the Court enjoin the Municipal Court proceedings is now moot. The Court will thus dismiss the Complaint with prejudice.

### IV.     CONCLUSION

For the reasons above, the Court **GRANTS** Defendants' motion to dismiss and **DISMISSES** the Complaint **WITH PREJUDICE**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 23, 2015**